UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TEAMSTERS PENSION TRUST FUND OF        :
PHILADELPHIA AND VICINITY,             :
                                       :
                                       :
TEAMSTERS HEALTH & WELFARE TRUST       :
FUND OF PHILADELPHIA AND VICINTY, and  :
                                       :
MARIA SCHEELER, in her capacity as     :
Administrator of both the Teamsters Pension Trust  :
Of Philadelphia and Vicinity and the Health &  :
Welfare Trust Fund of Philadelphia and Vicinity  :
2500 McClellan Avenue, Suite 140       :
Pennsauken, New Jersey 08109,          :
                        Plaintiffs,    :
                                       :
                                       :
                v.                     :
                                       :
                                       :
SMITH-EDWARDS-DUNLAP COMPANY d/b/a      :
SMITH EDWARDS DUNLAP (JAL EQUITIES)    :
2867 E. Allegheny Avenue               :
Philadelphia, Pennsylvania 19134,      :
                        Defendant.     :

## COMPLAINT

Plaintiffs, Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Fund"),

Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Welfare Fund," and, together

with the Pension Fund, "Funds"), and Maria Scheeler, in her capacity as the Administrator of the

Welfare Fund ("Scheeler" and, together with the Funds, "Plaintiffs"), by and through their

attorneys, Markowitz and Richman, hereby file this Complaint, and with regard to the

Defendant, Smith-Edwards-Dunlap Company d/b/a Smith Edwards Dunlap (JAL Equities).

("Defendant"), allege:

## JURISDICTION AND VENUE

1.      This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 ("LMRA"): (1) to recover employer contributions owed to Plaintiffs; (2) for liquidated damages and interest; (3) for cost and reasonable attorney's fees; (4) to compel Defendant's compliance with the terms of the applicable master freight agreement and trust agreements; and (5) to collect unpaid fringe benefit contributions discovered to be due and owing as a result.

2.      Insofar as the claims asserted are all brought pursuant to federal statutes or federal common law, this Court has jurisdiction over the subject matter of this action pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1); Section 301 of the LMRA, 29 U.S.C. §185; and 28 U.S.C. §1331. To the extent that any claims are found to lie under state law, they are properly brought before this Court pursuant to its supplemental jurisdiction, as set forth in 28 U.S.C. §1367(a), as any such claims would be so related.

3.      Venue is proper pursuant to section §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b), as the Funds are "employee welfare benefit plans," "welfare plans," "employee pension benefit plans," "pension plans," "employee benefit plans," "plans," and/or "multiemployer benefit plans" within the meaning of sections 3(1), 2(A), (3), and 37(A) of ERISA, 29 U.S.C. §§1002(1), 2(A), (3), and 37(A), and the Defendant resides or may be found within this District at the addresses set forth in this Complaint.

4.    A copy of this Complaint is being served on the Secretary of Labor and the

Secretary of the Treasury of the United States by certified mail, in accordance with Section

502(h) of ERISA, 29 U.S.C. 1132(h).

## PARTIES

5.    Plaintiff Teamsters Pension Trust Fund of Philadelphia and Vicinity is an

"employee pension benefit plan," "pension plan," "employee benefit plan," "plan," and a

"multiemployer plan" within the meaning of Sections 3(2)(A), (3), and (37) of ERISA, 29 U.S.C.

§§1002(2)(A), (3), and (37), jointly administered by trustees representing various employers and

local unions in the industry including, but not limited to, Teamsters Local Union No. 107,

affiliated with the International Brotherhood of Teamsters Chauffeurs, Warehousemen and

Helpers of America ("Local 107" or "Union").  The purpose of the Pension Fund is to provide

retirement benefits for employees employed by the participating employers pursuant to the terms

and conditions of the master freight agreement between the employers and the unions.  A number

of Defendant's employees are participants in, and beneficiaries of, the Pension Fund.  The

Pension Fund is established pursuant to an Agreement and Declaration of Trust ("Pension

Trust"), in accordance with Section 302 of the LMRA, as amended, 29 U.S.C. §186, and is

administered from, and maintains its principal place of business in, New Jersey at the address set

forth in the caption of this Complaint.  A true and correct copy of the Pension Trust is attached

hereto as Exhibit A.

6.    Plaintiff Teamsters Health & Welfare Fund of Philadelphia and Vicinity is an

"employee welfare benefit plan," "welfare plan," "employee benefit plan," "plan," and a

"multiemployer benefit plan" within the meaning of sections 3(1), (3), and 37(A) of ERISA, 29

U.S.C. §§1002(1), (3), and 37(A), also jointly administered by trustees representing various

employers and local unions in the industry including, but not limited to, Local 107. The purpose of the Welfare Fund is to provide health and welfare benefits for employees employed by the participating employers pursuant to the terms and conditions of the master freight agreement between the employers and the unions. A number of Defendant's employees are participants in, and beneficiaries of, the Welfare Fund. The Welfare Fund is established pursuant to an Agreement and Declaration of Trust ("Welfare Trust" and, together with the Pension Trust, "Trusts"), in accordance with Section 302 of the LMRA, as amended, 29 U.S.C. §186, and is administered from, and maintains its principal place of business in, New Jersey at the address set forth in the caption of this Complaint. A true and correct copy of the Welfare Trust is attached hereto as Exhibit B.

7.      Plaintiff, Maria Scheeler, is the Administrator of both the Pension Fund and the Welfare Fund, and a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and as such brings this suit on behalf of the Funds.

8.      Defendant, Smith-Edwards-Dunlap Company d/b/a Smith Edwards Dunlap (JAL Equities), is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 2867 E. Allegheny Avenue, Philadelphia, Pennsylvania 19134.

## BACKGROUND

9.      At all times relevant to this action, Defendant was and remains a signatory to a Supplemental Agreement to the National Master Freight Agreement with Local 107 ("Supplemental Agreement"). Defendant is a contributing participating employer to the Funds that is bound by the terms of the Master Freight Agreement. The Master Freight Agreement sets forth the terms and conditions of employment for the employees employed by Defendant,

4

including Defendant's obligation to file timely contribution reports and to make timely contribution payments to the Funds on behalf of the employees employed by Defendant who perform work covered by the Master Freight Agreement. True and correct copies of the relevant provisions of the Master Freight Agreement and Supplemental Agreement are attached as Exhibit C.

10.     Defendant also signed or agreed to abide by the terms of the Trusts. *See* Exhibit A at Art. VI, Sec. 1 and Sec. 3; Exhibit B, at Sec. 4; Exhibit C, at Art. 55, Sec. 1, and Art. 56, Sec.1. Trusts are agreements made between certain employers and employee representatives in an industry or industries affecting commerce in order to promote stable and peaceful labor relations. *See* Exhibits A and B.

11.     Pursuant to the Labor Contract and the Trusts, Defendant agreed:

(a)     to make full and timely payment of contributions on a monthly basis to the Funds for each employee covered by the terms and conditions of the Labor Contract. *See* Exhibit A, at Art. VI, Sec. 1(a); Exhibit B, at Sec. 4; and Exhibit C, at Art. 55, Sec. 1-2, and 6; Art. 56, Sec. 1-2, and 6.

(b)     to file monthly remittance reports with the Funds identifying all employees and hours of work for which contributions were required under the Labor Contract. *See* Exhibit A, at Art. VI, Sec. 1(b); Exhibit B, at Sec. 4; Exhibit C, at Art. 55, Sec. 10(a); and Art. 56, Sec. 10(a).

(c)     to produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of Defendant's records concerning its obligations to the Funds. *See* Exhibit A, at Art. IV, Sec. 2(aa); Exhibit B., Sec. 24(i) and (m).

(d)     to pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Defendant's failure to comply with its contractual and statutory obligations as described herein at subparagraphs (a), (b), and (c) above. *See* Exhibit A, at Art. IV, Sec. 1(d), Art. 6, Sec. 1(a) and 1(c); Exhibit B., at Sec. 4 and Sec. 24(j).

12.     Defendant has failed and/or refused to remit all contributions due and owing to the Funds from at least on or around August 2024 through January 2025, in at least the amount of $18,348.91 ("Known Delinquent Contribution Amount")[1].  A true and correct accounting of the Known Delinquent Contribution Amount, including a calculation of the known liquidated damages associated with Defendant's related untimely and delinquent contribution amounts during that period, is attached hereto as Exhibit D.

13.     Notwithstanding notice to Defendant, Defendant continues in its failure and/or refusal to remit the Known Delinquent Contribution Amount due and owing to the Funds.

14.     All conditions precedent to this lawsuit and the relief it seeks have been satisfied.

## COUNT ONE
## KNOWN CONTRIBUTION DELINQUENCY UNDER CONTRACT

15.     Paragraphs 1 through 14 of this Complaint are hereby incorporated by reference as if fully restated herein.

16.     Pursuant to the terms of the Trusts and the Labor Contract, Defendant is obligated to file timely contribution reports and to make timely payments to the Funds for contributions on behalf of the employees employed by Defendant who have performed work within the scope

---

[1] There is an amount of at least $11,789.79 due to the Pension Fund and at least $6,559.12 due to the Welfare Fund, for a combined total Known Delinquent Contribution Amount of $18,348.91.

defined by the terms of the Trust and the Labor Contract. *See* Exhibit A, at Art. VI, Sec. 1; Exhibit B, at Sec. 4; Exhibit C, at Art. 55, Sec. 10(a); and Art. 56, Sec. 10(a).

17.    In addition, the terms of the Trusts obligate Defendant to pay liquidated damages and interest in the event of untimely payments to the Fund, as well as all costs and reasonable attorneys' fees incurred in connection with the event of said untimely payments and the Funds' attempts to collect the same. *See* Exhibit A, at Art. IV, Sec. 1(d), Art. 6, Sec. 1(a) and 1(c); Exhibit B., at Sec. 4 and Sec. 24(j).

18.    Defendant refused and/or failed to make timely contributions as required by the Trusts and the Labor Contract for various months between April 2025 and May 2025, in an amount not less than $18,348.91. *See* Exhibit D.

19.    As a consequence of the late and delinquent payments, the Funds are entitled to liquidated damages and interest from Defendant, as well as all costs and reasonable attorneys' fees incurred in connection with the event of said untimely and delinquent payments and the Funds' attempts to collect the same. *See* Exhibit A, at Art. IV, Sec. 1(d), Art. 6, Sec. 1(a) and 1(c); Exhibit B., at Sec. 4 and Sec. 24(j).

20.    The Funds reserve the right to supplement the foregoing amounts when the full amounts, including liquidated damages, interest, costs and reasonable attorneys' fees have been definitively determined.

WHEREFORE, the Funds request that this Court:

(1)    order Defendant, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to comply with the terms of the Trusts and Labor Contract by submitting regular reports and making timely payments and

contributions to the Funds in accordance with the terms of the Funds' Declarations of Trust and the Labor Contract to which it is bound;

(2)    order the entry of judgment in favor of the Fund and against Defendants, in the amount not less than $18,348.91, plus the full amount of any additional contributions, liquidated damages, and interest determined to be owed;

(3)    order Defendant to pay the costs incurred by the Funds in prosecuting this suit, including all reasonable attorneys' fees and litigation costs; and

(4)    grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT TWO
## KNOWN CONTRIBUTION DELINQUENCY UNDER ERISA

21.    Paragraphs 1 through 20 of this Complaint are hereby incorporated by reference as if fully restated herein.

22.    This Court has jurisdiction over this Count pursuant to Section 502 of ERISA, 29 U.S.C. §1132, as amended by Section 306 of the Multi-Employer Pension Plan Amendments Act of 1980 ("MEPPAA"), which added Section 515 to ERISA, 29 U.S.C. § 1145.

23.    Defendant's failure and/or refusal to pay the contributions and other amounts due and owing to the Funds in accordance with the terms of the Trusts and the Labor Contract violates the provisions of ERISA, as amended by MEPPAA.

WHEREFORE, the Funds request that this Court:

(1)    order Defendant, its officers, agents, servants, employees, attorneys, and all other in active concert or participation with them to comply with the terms of the Trusts and Labor Contract by submitting regular reports and making timely payments and

contributions to the Funds in accordance with the terms of the Labor Contract to which it is bound;

       (2)      order the entry of judgment in favor of the Funds and against Defendant, in an amount not less than $18,348.91, plus the full amount of any additional contributions, liquidated damages, and interest determined to be owed;

       (3)      order Defendants to pay the costs incurred by the Funds in prosecuting this suit, including all reasonable attorneys' fees and litigation costs; and

       (4)      grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT THREE
## AUDIT

24.      Paragraphs 1 through 23 of this Complaint are hereby incorporated by reference as if fully restated herein.

25.      The contributions that Defendant is required to pay the Funds are based upon certain hours paid to those employees who perform work for Defendant, the terms and conditions of which are covered by the Labor Contract.

26.      The Funds are without sufficient information or knowledge to determine the extent to which Defendant is delinquent to the Funds and so they are unable to plead the precise nature, extent, and amount of Defendant's delinquency because the books, records, and information necessary to ascertain that liability remain in Defendant's exclusive possession, custody, control, and knowledge.

27.      The existence of a delinquency and, where present, the computation of the precise amount of an employer's delinquency are best determined by an audit of Defendant's books and

records in order to compare them to the contractually required remittance reports actually submitted by the employer to the Funds.

28.    Defendant is required by the Trusts, the Labor Contract, and applicable law to permit the Funds to audit its books and records, and to otherwise cooperate in determining whether any contributions are due to the Fund.

29.    The Funds are adversely affected or damaged by the lack of an audit as, among other things, they have a right and a duty to audit the applicable books and records of participating contributing employers so as to identify all potential participants of the Funds and to confirm all amounts due and owing from those participating contributing employers.

30.    The Funds have no adequate remedy at law for lack of an audit, as the calculation of any damages suffered as a result of the breach requires an audit to determine the amount.

WHEREFORE, the Funds request that this Court:

(1)    enjoin Defendant, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to permit an audit of all records under its actual or constructive control and, in the absence of records, to cooperate in alternative methods of determining those employees and/or those hours for which contributions to the Funds are due;

(2)    order Defendant to pay for an audit to be performed by the Funds' internal auditors; and

(3)    grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT FOUR
## CONTRIBUTIONS UNDER ERISA – AFTER AUDIT

31.     Paragraphs 1 through 30 of this Complaint are hereby incorporated by reference as if fully restated herein.

32.     On information and belief, Defendant has failed to make contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145, in a period not barred by any statute of limitations or similar bar.

33.     The Funds are adversely affected or damaged by Defendant's violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, the Funds request that this Court:

(1)     enter judgment against Defendant and in favor of the Funds, for contributions found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count Three of this Complaint, together with interest at the rate prescribed by 26 U.S.C. §6621, from the date that the original contribution payment was due until the actual date of payment; liquidated damages equal to the greater of the interest on the unpaid contributions or the liquidated damages as provided for and calculated by the documents governing the Funds or by statute; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action, including those incurred during the collection or enforcement of any judgment, all as provided for under the terms of the Trusts, the Labor Contract, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(2)     grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

**COUNT FIVE**
**CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT**

34.    Paragraphs 1 through 33 of this Complaint are hereby incorporated by reference as if fully restated herein.

41.    The Funds are damaged as a proximate result of Defendant's breach of the Trusts and the Labor Contract with respect to any amounts found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count One of this Complaint.

WHEREFORE, the Funds request that this Court:

(1)    enter judgment against Defendant and in favor of the Funds, for contributions found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count Three of this Complaint, together with interest from the date that the original contribution payment was due until the actual date of payment; liquidated damages; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action, including those incurred during the collection or enforcement of any judgment, all as provided for under the terms of the Trusts and the Labor Contract; and

(2)    grant such other and further relief, legal or equitable, as may be just,

necessary, or appropriate.

Respectfully submitted,

STEPHEN C. RICHMAN, ESQ.
KATHLEEN McPOLIN, ESQ.
MARKOWITZ AND RICHMAN
123 South Broad Street, Suite 2020
Philadelphia, PA 19109
Tel.: 215-875-3100

Attorneys for Plaintiffs

DATED:        February 13, 2026